IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NATIONAL RETIREMENT FUND and Richard N. RUST, in his capacity as Fund Manager, each on behalf of the Legacy Plan of the National Retirement Fund,<br><br>      Plaintiffs,<br><br> -against-<br><br>CAESARS ENTERTAINMENT CORPORATION; CAESARS ENTERTAINMENT RESORT PROPERTIES, LLC; and JOHN DOES 1-10 (all other trades or businesses under common control with Caesars Entertainment Corporation and Caesars Entertainment Resort Properties, LLC that have not filed for bankruptcy)<br><br>      Defendants. | No. 15 Civ. 02048 (LAK) (JLC) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT...................................................................................................................................3

    A.  The Court can properly take judicial notice of the Standstill Agreement............................3

    B.  Plaintiffs' interpretations of the Standstill Agreement would violate basic principles of contract interpretation. ..................................................................................5

    C.  This Motion simply does not implicate the substantive rights of Plaintiffs or the powers of this Court in this action. .....................................................................................8

    D.  This Motion does not raise any "dispute" over withdrawal liability that must be arbitrated under ERISA...................................................................................................9

CONCLUSION..................................................................................................................................10

i

# TABLE OF AUTHORITIES

**Cases**

*Auerbach v. Bd. of Educ.*,
  136 F.3d 104 (2d Cir. 1998) .................................................................................................. 5

*Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*,
  369 F.3d 212 (2d Cir. 2004). ................................................................................................ 3

*Carruthers v. Flaum*,
  388 F. Supp. 2d 360 (S.D.N.Y. 2005) ........................................................................... 2, 3, 4

*Cont'l Ins. Co. v. Atl. Cas. Ins. Co.*,
  603 F.3d 169 (2d Cir. 2010) .................................................................................................. 7

*Galli v. Metz*,
  973 F.2d 145 (2d Cir. 1992) .................................................................................................. 7

*In re Refco Inc. Sec. Litig.*,
  No. 07-md-1902, 2012 WL 4053939 (S.D.N.Y. Aug. 8, 2012) ........................................ 5, 8

*In re Van Der Moolen Holding N.V. Sec. Litig.*,
  405 F. Supp. 2d 388 (S.D.N.Y. 2005) ........................................................................... 2, 4, 9

*InterDigital Commc'ns Corp. v. Nokia Corp.*,
  407 F. Supp. 2d 522 (S.D.N.Y. 2005) .................................................................................... 7

*Kramer v. Time Warner Inc.*,
  937 F.2d 767 (2d Cir. 1991) .................................................................................................. 5

*Loccenitt v. Pantea*,
  No. 12-cv-1356, 2014 WL 7474232 (S.D.N.Y. Dec. 29, 2014) ........................................ 4, 5

*Md. Cas. Co. v. Continental Cas. Co.*,
  332 F.3d 145 (2d Cir. 2003) .................................................................................................. 8

*Munno v. Town of Orangetown*,
  391 F. Supp. 2d 263 (S.D.N.Y. 2005) .................................................................................... 3

*Olde Monmouth Stock Transfer Co. v. Depository Trust & Clearing Corp.*,
  485 F. Supp. 2d 387 (S.D.N.Y. 2007) .................................................................................... 9

*Seippel v. Jenkens & Gilchrist, P.C.*,
  341 F. Supp. 2d 363 (S.D.N.Y. 2004) .................................................................................... 6

*Waters v. Douglas*,
  No. 12-cv-1910, 2012 WL 5834919 (S.D.N.Y. Nov. 14, 2012) ............................................ 4

**Statutes**

11 U.S.C. § 362 .......................................................................................................................... 1

29 U.S.C § 1401 ..................................................................................................................... 3, 9

**PRELIMINARY STATEMENT**

Plaintiffs' claims should be dismissed because they simply are not ripe at this time.[1] The Standstill Agreement, which was entered into *after* this action was commenced, jointly filed with and submitted to the Bankruptcy Court by and with Plaintiffs' consent, and "so-ordered" by the Bankruptcy Court, sets forth in clear and unambiguous language that the First Installment Payment will only become "due" 30 calendar days after the Bankruptcy Court enters an order denying the Bankruptcy Motions.[2] No such order has been entered to date and no such order may ever be entered. Before the parties entered into the Standstill Agreement on March 20, 2015, the First Installment Payment may have been "due" on March 15, 2015. However, the consensual, so-ordered Standstill Agreement extended the "due" date for this payment such that the March 15 date is not applicable and is inoperative. The applicable and operative "due" date is now 30 calendar days after the Bankruptcy Court enters an order denying the Bankruptcy Motions, if it ever does so. If, for example, the Bankruptcy Court finds that Plaintiffs violated the automatic stay pursuant to 11 U.S.C. § 362, there will be no "due" date—that is what the parties agreed to and that is what the Bankruptcy Court so-ordered.

Since the so-ordered Standstill Agreement changed the "due" date so that the First Installment Payment is not currently due, this Motion simply does *not* raise a dispute over collecting a past-due interim withdrawal liability payment, and this case is thus *not* subject to ERISA's "pay now, dispute later" regime. And since the so-ordered Standstill Agreement, including its clear and unambiguous terms, is properly subject to the Court's judicial notice,

---

[1] All capitalized terms not otherwise defined herein have the same definitions as contained in Defendants' Memorandum of Law in support of their Motion to Dismiss (the "Motion") [Dkt. No. 13]. For the reasons stated in the Motion and herein, this case should also be dismissed under Fed. R. Civ. P. 12(b)(6).

[2] The Bankruptcy Motions seek a holding that, *inter alia*, Plaintiffs' actions that purportedly triggered the imposition of the First Installment Payment violated the automatic stay imposed by the Chapter 11 Cases pursuant to 11 U.S.C. § 362 and are void *ab initio*. If granted, the First Installment Payment would never be due.

Plaintiffs' allegation in the Complaint (and their insistence in their Opposition) that the "due" date is (and not was) March 15, 2015 should be rejected. *In re Van Der Moolen Holding N.V. Sec. Litig.*, 405 F. Supp. 2d 388, 396 (S.D.N.Y. 2005) (a court need not accept as true an allegation in a complaint that is contradicted by a document properly before it). Plaintiffs' contrary arguments are without merit and should be rejected.

First, Plaintiffs argue that the Court can "only" take judicial notice of the existence of the Standstill Agreement, and cannot take judicial notice of the terms therein. To make this argument, Plaintiffs rely on *Carruthers v. Flaum*, 388 F. Supp. 2d 360 (S.D.N.Y. 2005). But this reliance is misplaced. *Carruthers* in fact permits a court to *also* take judicial notice of the terms of a document in the public record where, as here, the document contains statements by a plaintiff that contradict its allegations before the court. *Id.* at 370. Moreover, since the Standstill Agreement was signed by Plaintiffs *and so-ordered by the Bankruptcy Court*, Plaintiffs simply cannot raise any question as to the accuracy or validity of the terms therein.

Second, Plaintiffs argue that the Standstill Agreement purportedly *confirms* that the First Installment Payment was due on March 15, 2015, or, alternatively, that the Standstill Agreement should only apply in the Chapter 11 Cases, and not here. The Court should reject both of these strained interpretations because not only are they unsupported by the terms of the Standstill Agreement, but each of them would also—in violation of basic principles of contract interpretation—render several provisions of the Standstill Agreement totally meaningless.

Third, Plaintiffs argue that a dismissal on ripeness grounds would purportedly "limit" their rights in violation of the Standstill Agreement. But Plaintiffs do not—and cannot—articulate a single right that would be limited. Nothing in the Motion stops Plaintiffs from making the exact same claims against the exact same Defendants if and when those claims

become ripe. In any event, the Court can always exercise its discretion and (a) reserve its decision or (b) stay this case, until the Bankruptcy Court has ruled on the Bankruptcy Motions.

Finally, Plaintiffs argue that any dispute over their determination as to the "due" date of the First Installment Payment must be arbitrated under ERISA. But, this is incorrect because there is no dispute here: under the consensual, so-ordered Standstill Agreement, the applicable and operative "due" date for this payment is 30 calendar days after the Bankruptcy Court enters an order denying the Bankruptcy Motions, which has not been done. Thus, the allegation that the First Installment Payment continues to be presently "due" in spite of the clear and unambiguous terms of the Standstill Agreement should be disregarded. This Motion simply raises a basic question of contract interpretation that does not require arbitration under ERISA.[3]

## ARGUMENT

**A.     The Court can properly take judicial notice of the Standstill Agreement.**

Courts may take judicial notice of "public records" on a motion to dismiss. *Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004). In particular, a court may take judicial notice of "documents in the public record filed by a party in other judicial proceedings that contradict the party's factual assertions in a subsequent action." *Munno v. Town of Orangetown*, 391 F. Supp. 2d 263, 268 (S.D.N.Y. 2005); *see also Carruthers*, 388 F. Supp. 2d at 370. That is the case here. The so-ordered Standstill Agreement that Plaintiffs agreed to makes clear that the "due" date for the First Installment Payment is "extended" to 30 calendar days after the Bankruptcy Court enters an order denying the Bankruptcy Motions. No such order has been entered. Thus, judicial notice of the Standstill

---

[3] Defendants are not disputing in this Motion the contention that the First Installment Payment was "due" on March 15, 2015, before the so-ordered Standstill Agreement changed the "due" date. Moreover, Defendants *cannot* demand arbitration yet. ERISA requires an employer to first request review of a determination of withdrawal liability before it can seek arbitration. 29 U.S.C § 1401(a)(1). But, under the so-ordered Standstill Agreement, the Employers cannot request such review until the Bankruptcy Court enters an order denying the Bankruptcy Motions.

3

Agreement's terms is proper because these terms contradict Plaintiffs' allegation that the First Installment Payment is currently due, and this allegation should be disregarded. *Van der Moolen*, 405 F. Supp. 2d at 396.[4]  And Plaintiffs' contrary argument—that the Court may "only" take judicial notice of the existence, and *not* the terms, of the Standstill Agreement—is *not* correct.

First, this argument is unsupported by the case Plaintiffs cite, *Carruthers*, 388 F. Supp. 2d at 370.[5]  While *Carruthers* acknowledges that a court may take judicial notice of a public filing "to establish the fact of such litigation and related filings", it further holds (as noted above) that the court may *also* take judicial notice of "documents in the public record filed by a party in other judicial proceedings that contradict the party's factual assertions in a subsequent action."[6] *Id.*  Indeed, *Carruthers itself* took judicial notice of facts from a complaint filed in a different case to establish, *inter alia*, the state of incorporation and business purposes of certain entities. *Id.* at 365 n.4.  Here, since Plaintiffs signed the Standstill Agreement and had it jointly submitted to and filed with the Bankruptcy Court, this Court can take judicial notice of its terms.

Plaintiffs also ignore the fact that other courts in this Circuit have taken judicial notice of not only the existence, but also the terms, of so-ordered stipulations in the public record like the Standstill Agreement.  *See, e.g.*, *Waters v. Douglas*, No. 12-cv-1910, 2012 WL 5834919, at *2 (S.D.N.Y. Nov. 14, 2012) (considering the terms of a publicly-filed stipulation and release); *Loccenitt v. Pantea*, No. 12-cv-1356, 2014 WL 7474232, at *2 (S.D.N.Y. Dec. 29, 2014) (same). Thus, Plaintiffs' argument that a court may *only* take judicial notice of the existence, and not the content, of a document in the public record is incorrect as a matter of law.

---

[4] *See generally* Motion at 3-4.

[5] Opp. at 10.

[6] Plaintiffs do not dispute that, since the clear and unambiguous terms of the so-ordered Standstill Agreement contradict their allegations that the First Installment Payment is *currently* due, it is irrelevant that the parties entered into the Standstill Agreement after Plaintiffs filed their complaint.  Motion at 4 n. 7.

4

The Court should also take judicial notice of the terms of the so-ordered Standstill Agreement because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991).[7]  Not only was the Standstill Agreement *signed* by Plaintiffs, but it was further jointly filed and submitted by them and *so-ordered* by the Bankruptcy Court.  There thus can be no reasonable dispute as to the accuracy, validity and authenticity of the Standstill Agreement or of its terms.  Tellingly, Plaintiffs do not attempt to raise such a dispute.

Finally, requiring the Court to ignore the terms of the Standstill Agreement improperly "elevates technicality over efficiency" and would render judicial notice a useless doctrine.  *See In re Refco Inc. Sec. Litig.*, No. 07-md-1902, 2012 WL 4053939, at *2 (S.D.N.Y. Aug. 8, 2012).  Adopting Plaintiffs' argument would mean that a Court could *never* dismiss a case based on the terms of a document otherwise subject to judicial notice.  There is no basis for limiting the Court's power in such a fashion.  *See Loccenitt*, 2014 WL 7474232, at *2 ("It is axiomatic that a district court may rely on matters of public record in deciding a motion to dismiss.").  For these reasons, the Court can, and should, take judicial notice of the terms of the Standstill Agreement.

### B.     Plaintiffs' interpretations of the Standstill Agreement would violate basic principles of contract interpretation.

Plaintiffs' claims are not ripe *unless and until* the First Installment Payment becomes "due" under the unambiguous terms of the Standstill Agreement, which it currently is not (and in fact it may never be due).  *See Auerbach v. Bd. of Educ.*, 136 F.3d 104, 108-09 (2d Cir. 1998) (A claim is not ripe "[w]hen the events alleged in a plaintiff's cause of action have not yet

---

[7]  By contrast, when courts have declined to take judicial notice of the contents of such documents, these documents generally contain statements made by parties *other* than the plaintiff. *See, e.g., Guzman v. United States*, No. 11-cv-5834, 2013 WL 543343, at *4 (S.D.N.Y. Feb. 14, 2013) (declining to take judicial notice of a court's order adopting a defendant's testimony because doing so "would be tantamount to accepting as true declarations made by" the defendant himself).  Here, Plaintiffs themselves *signed* the Standstill Agreement.

occurred.").[8]  Plaintiffs do *not* dispute that the Standstill Agreement "extends" the due date for the First Installment Payment *beyond* March 15, 2015, the date Plaintiffs initially contended this payment was due under ERISA.[9]  Instead, to avoid the conclusion that the First Installment Payment is not currently due and may never be due, Plaintiffs advance two alternative, and wholly illogical, interpretations of the Standstill Agreement.  Each of these interpretations should be rejected.

First, Plaintiffs argue that the Standstill Agreement also "confirm[s]" that the First Installment Payment was due on March 15, 2015 and thus presently remains due.[10]  This misreads the Standstill Agreement.  The Standstill Agreement states that Plaintiffs "contend" that the First Installment Payment was due on March 15, 2015.  However, in the same sentence, it then expressly *changes* the due date for this payment to 30 calendar days after the Bankruptcy Court enters an order denying the Bankruptcy Motions (which it has *not* done and which it may *not* do).[11]  In light of this express provision, Plaintiffs' argument that the Standstill Agreement "confirm[s]" that the First Installment Payment is presently due is simply not correct.

Second, Plaintiffs suggest that the Standstill Agreement "extends the Defendants' time to remit its now overdue payment <u>solely</u> with respect to the separate bankruptcy proceeding in which it was filed and with respect to which it was entered," and *not* with respect to any other context, including this action.[12]  This claim, too, is unsupported, and moreover makes no sense. *Nothing* in the Standstill Agreement limits the extension of the due date for the First Installment

---

[8] By contrast, the ripeness cases cited by Plaintiffs refer to situations where the harm had already occurred. *See, e.g.*, *Seippel v. Jenkens & Gilchrist, P.C.*, 341 F. Supp. 2d 363, 371 (S.D.N.Y. 2004) (cited at Opp. at 10) (claim is ripe where the harm to the plaintiffs included, *inter alia*, "tax penalties already assessed and paid.").

[9] *See* Opp. at 12.

[10] Opp. at 11.

[11] Standstill Agreement § 3.a.  If Plaintiffs are merely arguing that the Standstill Agreement confirms that Plaintiffs made such a contention, this statement is true, but irrelevant, since the relevant question here is when the First Installment Payment is now *due* as a result of the so-ordered Standstill Agreement.

[12] Opp. at 12 (emphasis in original).

6

Payment "solely" to the context of the Chapter 11 Cases (and Plaintiffs have identified no provision to the contrary). *See Cont'l Ins. Co. v. Atl. Cas. Ins. Co.*, 603 F.3d 169, 180 (2d Cir. 2010) ("[I]f an agreement is complete, clear and unambiguous on its face, it must be enforced according to the plain meaning of its terms."). This limitation is simply an invention of Plaintiffs, and they have utterly failed to explain how—or why—the Standstill Agreement would set one "due" date in the Chapter 11 Cases, and another "due" date everywhere else.[13]

Indeed, each of Plaintiffs' interpretations of the Standstill Agreement—in addition to being unsupported by its terms—should be rejected because each of these interpretations would render multiple provisions of the Standstill Agreement meaningless in violation of basic principles of contract law. *See Galli v. Metz*, 973 F.2d 145, 149 (2d Cir. 1992) ("Under New York law an interpretation of a contract that has the effect of rendering at least one clause superfluous or meaningless . . . is not preferred and will be avoided if possible."); *see also InterDigital Commc'ns Corp. v. Nokia Corp.,* 407 F. Supp. 2d 522, 530 (S.D.N.Y. 2005) ("It is hornbook law that a contract should be interpreted so as not to render its terms nonsensical.").

In particular, since the provision in the Standstill Agreement unambiguously states that the First Installment Payment is *not* due until 30 days after the Bankruptcy Court enters an order denying the Bankruptcy Motions, Plaintiffs' contention that this payment is in fact presently due under the Standstill Agreement would render this provision utterly meaningless. The Standstill Agreement also provides that, until the First Installment Payment is due under its terms, the Employers would make certain "Monthly Interim Payments" to the NRF on the same terms that existed before the alleged withdrawal occurred. If the Employers failed to make such Monthly

---

[13] Plaintiffs do not, for example, quote any portion of the Standstill Agreement to support their contention that, "Paragraph 3.a., for instance, affects the amount of the Fund's claims *in the bankruptcy action*." Opp. at 12 (emphasis in original). Moreover, Plaintiffs' attempt to graft such a *post hoc* limitation onto the Standstill Agreement runs afoul of Section 4.e of the Standstill Agreement, which expressly provides that there is "no agreement, covenant or condition of this Agreement that is not expressly stated in this Agreement."

Interim Payments during this period, Plaintiffs could terminate the Standstill Agreement pursuant to its terms and seek appropriate relief, including, *inter alia*, recovering the First Installment Payment.[14] But, if Plaintiffs had the right to seek *immediate* recovery of the First Installment Payment the minute after the Standstill Agreement was signed—as Plaintiffs would be able to do under each of their interpretations—this provision would be meaningless. For example, there would be no need to provide a new set of remedies for Plaintiffs under the Standstill Agreement. Thus, Plaintiffs' alternate interpretations of the Standstill Agreement should be rejected.

## C. This Motion simply does not implicate the substantive rights of Plaintiffs or the powers of this Court in this action.

Plaintiffs next argue that the Standstill Agreement prohibits Defendants from bringing this Motion because certain of Plaintiffs' unidentified "rights" would purportedly be "limited" if this action were dismissed.[15] This argument is baseless. *None* of Plaintiffs' substantive rights is being limited here. Defendants simply contend that Plaintiffs' claims cannot be brought *now* because they are not yet ripe—nothing more, and nothing less.[16] Any dismissal of Plaintiffs' claims here would *not* prevent Plaintiffs from bringing the exact same claims against the exact same Defendants if and when these claims become ripe.[17]

Tellingly, Plaintiffs fail to state, with any specificity, what "right" is purportedly being limited. The closest Plaintiffs come is claiming that, if they are delayed in bringing their claims, "the amount the Fund may be able to recover in this or a future action could be substantially

---

[14] Standstill Agreement § 3.d.

[15] Opp. at 12-13.

[16] Plaintiffs also argue that dismissal would limit their rights in *this* Action (as opposed to a later action asserting the same claims against the same Defendants). This is precisely the type of "technicality over efficiency" argument that other courts have soundly rejected. *See Refco*, 2012 WL 4053939, at *2. But, even if this is a valid concern, the Court can always, in the exercise of its discretion, either "reserve decision on this motion" or stay this case pending the Bankruptcy Court's resolution of the Bankruptcy Motions. Motion at 5 n. 8.

[17] This is therefore not a case like *Md. Cas. Co. v. Continental Cas. Co.*, 332 F.3d 145, 162-63 (2d Cir. 2003), where a party could not use a settlement agreement to limit the amount it was required by its insurer to pay in connection with a claim because the agreement stated that it could not be construed to limit the insurer's rights. Here, the Standstill Agreement is *not* being used to limit Plaintiffs' substantive right to bring any claim.

reduced or eliminated."[18] This claim, raised for the first time in the Opposition, is found nowhere in the Complaint and thus cannot form the basis for denying the Motion. *See Olde Monmouth Stock Transfer Co. v. Depository Trust & Clearing Corp.*, 485 F. Supp. 2d 387, 393 (S.D.N.Y. 2007) ("It is long-standing precedent in this circuit that parties cannot amend their pleadings through issues raised solely in their briefs."). Moreover, Plaintiffs' after-the-fact concern cannot be squared with their *agreement*, in the Standstill Agreement, to extend the due date for the First Installment Payment and to continue to receive "Monthly Interim Payments" from the Employers to fund the NRF in the interim. Thus, this argument should also be rejected.

**D.   This Motion does not raise any "dispute" over withdrawal liability that must be arbitrated under ERISA.**

Finally, Plaintiffs argue that any dispute over when the First Installment Payment is due must be arbitrated under ERISA. Plaintiffs believe such a dispute exists because they insist that their allegation that the First Installment Payment was due on March 15, 2015 *must* be taken as true.[19] However, this allegation is no longer properly before the Court. The so-ordered Standstill Agreement, which Plaintiffs agreed to, leaves no doubt that even if this payment was due on March 15, 2015, it is now *not* due until the Bankruptcy Court enters an order denying the Bankruptcy Motions. Plaintiffs' insistence that this payment is presently due is contradicted by the Standstill Agreement's clear and unambiguous terms and should be rejected. *Van der Moolen*, 405 F. Supp. 2d at 396. And without this allegation, there is no dispute to arbitrate.

Moreover, before an employer may initiate arbitration under ERISA to dispute a determination of, *inter alia*, a payment schedule, it must first exhaust its administrative remedies by requesting review of this determination. 29 U.S.C. § 1401(a)(1). But, instead of moving forward with this review process, Plaintiffs agreed, under the so-ordered Standstill Agreement, to

---

[18] Opp. at 9.
[19] *Id.* at 10.

9

*extend* the due date for the First Installment Payment, collect "Monthly Interim Payments" in the interim, and put the entire ERISA review process on hold *until* the Bankruptcy Court entered an order denying the Bankruptcy Motions, which has not yet been done.[20] Thus, there is *no* dispute over any determination of the payment schedule that requires arbitration under ERISA. Rather, the only issue here is whether the clear and unambiguous terms of the so-ordered Standstill Agreement—which require only an application of basic principles of contract interpretation—establish that the First Installment Payment is *not* currently due.

## CONCLUSION

Plaintiffs' claims simply are not ripe at this time. The Standstill Agreement, which Plaintiffs signed and jointly filed and submitted to the Bankruptcy Court, and which the Bankruptcy Court so-ordered, establishes that the First Installment Payment is *not* currently due and in fact may *never* be due. Thus, the Court should disregard Plaintiffs' allegation—which was made *before* the Standstill Agreement was entered into and so-ordered—that this payment was due on March 15, 2015 and continues to be due now. Plaintiffs' other arguments run counter to both the clear and unambiguous terms of the Standstill Agreement and to governing law, and should be rejected. Thus, Defendants respectfully request that the Complaint be dismissed in its entirety, or, alternatively, that the Court reserve decision on the Motion or stay this case pending the Bankruptcy Court's resolution of the Bankruptcy Motions, and that the Court grant Defendants such other, further or different relief that it deems just and proper.

---

[20] Standstill Agreement § 3.c.

Dated:  August 13, 2015
          New York, New York

                                                    Respectfully submitted,


                                                    /s/ Steven M. Pesner
                                                    Steven M. Pesner, P.C.
                                                    Stan Chiueh
                                                    Vinay Limbachia
                                                    AKIN GUMP STRAUSS HAUER & FELD LLP
                                                    One Bryant Park
                                                    New York, New York 10036
                                                    (212) 872-1070
                                                    spesner@akingump.com

                                                    Larry Levien, *pro hac application to be submitted*
                                                    Eric Field, *pro hac application to be submitted*
                                                    Beth Cyr, *pro hac application to be submitted*
                                                    AKIN GUMP STRAUSS HAUER & FELD LLP
                                                    1333 New Hampshire Ave., NW
                                                    Washington, DC 20036
                                                    (202) 887-4000
                                                    llevien@akingump.com