UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE NATIONAL RETIREMENT
FUND & RICHARD RUST,

                Plaintiffs,

   -v-

CAESARS ENTERTAINMENT
CORP., *et al.*,

                Defendants.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

15-CV-2048 (LAK) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

**To The Honorable Lewis A. Kaplan, United States District Judge:**

      The National Retirement Fund (the "NRF" or the "Fund") and Richard Rust in his capacity as the Fund's manager (collectively "Plaintiffs") bring this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") against Caesars Entertainment Corporation ("CEC"), Caesars Entertainment Resort Properties, LLC ("CERP"), and John Does 1-10 (which represent all other trades or businesses under common control with CEC and CERP that have not filed for bankruptcy) (collectively, "Defendants" or "Caesars"). Plaintiffs seek to enforce the provisions of an employee pension plan and to collect withdrawal liability they contend that Caesars owes due to its expulsion from the Fund. Caesars has moved to dismiss the Complaint on ripeness grounds and for failure to state a claim because it argues no withdrawal liability is currently due. For the reasons that follow, I recommend that Caesars' motion be denied.

1

I. BACKGROUND

A. Facts

The NRF is a multiemployer pension plan with a Board of Trustees that is divided between employer-appointed and union-appointed trustees. Complaint ("Compl.") (Dkt. No. 1) ¶¶ 4, 7. Pursuant to collective bargaining agreements ("CBAs"), employers make contributions to the Fund. *Id.* ¶ 15. On January 12, 2015, the Fund's trustees determined that it was in the Fund's best interest to cease accepting contributions from the Caesars-related Employers ("Employers"), thereby terminating the Employers' participation in the Fund.[1] *Id.* at ¶ 16. Due to their withdrawal from the Fund, the Employers incurred $363,622,615.00 of withdrawal liability pursuant to 29 U.S.C. § 1381. *Id.* ¶ 20. This amount was to be paid in 80 quarterly installments, with the first installment due on March 15, 2015, but Caesars never made this first payment.[2] *Id.* ¶¶ 24, 25. Plaintiffs then filed the instant action on March 18, 2015 to recover this payment. (Dkt. No. 1). In the background of Plaintiffs' decision to expel Caesars from the Fund was the fact that

---

[1] Defendant CEC owns 89% of Caesars Entertainment Operating Company, Inc. ("CEOC"). CEOC owns 100% of (1) Bally's Park Place, Inc. d/b/a Bally's Hotel and Casino ("Bally's"), (2) Boardwalk Regency Corporation d/b/a Caesars Atlantic City ("Boardwalk"); (3) Parball Corporation ("Parball"); and (4) Harrah's Operating Company, Inc. d/b/a Harrah's Atlantic City Casino and Hotel. CEOC owns 99.5% of Chester Downs & Marina, LLC d/b/a Harrah's Philadelphia ("Chester"). Compl. ¶¶ 28, 29. These five entities are the Caesars-related Employers that contribute to the Fund. *Id.* ¶ 17. Because the Employers are under common control as CEC and CERP, these entities would be liable for these withdrawal payments. *Id.* ¶¶ 31-33.

[2] The first payment was for $5,981,493.64. *Id.* ¶ 24.

2

"numerous members of the [Caesars'] control group [] filed for bankruptcy—including CEOC and three of the Employers" in the Bankruptcy Court for the Northern District of Illinois ("Bankruptcy Court"). Plaintiffs' Opposition to Motion to Dismiss ("Pl. Opp.") (Dkt. No. 18) at 9.

On March 20, 2015, the NRF and its Board of Trustees entered into a Standstill Agreement with Caesars that was filed with the Bankruptcy Court. Defendants' Motion to Dismiss ("Def. Mem.") (Dkt. No. 13) at 1; Def. Mem. Ex. A ("Standstill Agreement" or the "Agreement"). Pursuant to this Standstill Agreement, the first installment payment would not be due, if ever, until 30 days after the Bankruptcy Court enters an order denying certain motions filed by the debtors in *In re Caesars Entertainment Operating Co., Inc. et al.*, No. 15-1145 (ABG) (Bankr. N.D. Ill.) and *Caesars Entertainment Operating Co., Inc. et al. v. The Board of Trustees of the National Retirement Fund*, No. 15-131 (ABG) (Bankr. N.D. Ill.). Standstill Agreement at ¶ 3(a). The Bankruptcy Court has yet to rule on these motions. Def. Mem. at 2. However, the Standstill Agreement also states:

> Nothing in this Agreement shall be construed to limit the rights of the Parties in, or the power of the courts in, the actions captioned <u>Caesars Entertainment Corporation v. Pension Plan of the National Retirement Fund, et al.</u>, Civil Action No. 15-CV-00138, in the United States District Court for the Southern District of New York, <u>The National Retirement Fund, et al. v. Caesars Entertainment Corporation, et al.</u>, Civil Action No. 15-CV-02048, in the United States District Court for the Southern District of New York, and <u>Wilhelm, et al. v. Noel Beasley, et al.</u>, Civil Action No. 2:15-CV-00245, in the United States District Court for the District of Nevada.

Standstill Agreement at ¶ 4(h). In light of this provision, the parties now dispute whether Caesars is under an obligation to make this first installment payment.

3

### B. Procedural History

Plaintiffs filed their Complaint on March 18, 2015 pursuant to Sections 502(a)(3) and 4301(a) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a), seeking to have Defendants held jointly and severally liable for the first installment payment, the full amount of the prejudgment interest attributable to the first installment payment, liquidated damages calculated pursuant to 29 U.S.C. § 1132(g), and Plaintiffs' costs and expenses incurred in connection with this action. Compl. ¶¶ 1, 47. On July 2, 2015, Caesars moved to dismiss this action on ripeness grounds and for failure to state a claim under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Def. Mem. at 1-2. Plaintiffs opposed this motion on July 30, 2015. Caesars replied in further support of its motion on August 13, 2015. ("Def. Reply") (Dkt. No. 19). These motions are before me pursuant to the order of reference dated June 1, 2015. (Dkt. No. 7).

## II. DISCUSSION

### A. Applicable Standards

"'Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper when the district court lacks the statutory or constitutional power to adjudicate it.'" *Gelmart Indus., Inc. v. Everready Battery Co., Inc.*, No. 13-CV-6310, 2014 WL 1512036, at *2 (S.D.N.Y. Apr. 15, 2014) (quoting *Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187, 188 (2d Cir. 2009)). "Because ripeness goes to the exercise of subject matter jurisdiction, a ripeness challenge is properly raised under Rule 12(b)(1)." *Id.* (citing *Auerbach v. Bd. of Educ. of the Haborfields Cent. School*

*Dist. of Greenlawn*, 136 F.3d 104, 108-09 (2d Cir. 1998)). In deciding such a motion, the Court construes the complaint in the plaintiff's favor and accepts as true all factual allegations. *Id.*

Under Rule 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Here too the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in favor of the non-moving party. *See, e.g., Nwozuzu v. United States*, No. 14-CV-8589 (LGS), 2015 WL 4865772, at * 3 (S.D.N.Y. Aug. 12, 2015) ("On a motion to dismiss pursuant to Rule 12(b)(6), a court must accept as true all wellpleaded factual allegations and draw all reasonable inferences in favor of the non-moving party.") To survive dismissal, the plaintiff must plead facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### B. Exhaustion of Administrative Remedies

Caesars bases its motion to dismiss on the ground that no installment payment is currently due because of the Standstill Agreement. Therefore, Caesars argues, Plaintiffs' claim is not ripe because Caesars has not yet defaulted on a payment. Before reaching the merits of this argument, however, the Court has to

5

determine whether this issue—whether an installment payment is currently due—must first be decided through arbitration.

As Plaintiffs note in their opposition papers, 29 U.S.C. § 1401(a)(1) requires that "[a]ny dispute between an employer and the plan sponsor of a multiemployer plan concerning a determination made under sections 1381 through 1399 of this title . . . shall be resolved through arbitration." Pl. Opp. at 1, 7. Pursuant to 29 U.S.C. § 1399(b)(1), "the plan sponsor shall . . . notify the employer of . . . the amount of the liability, and . . . demand payment in accordance with the schedule." Plaintiffs argue that this dispute arises from their determination that a liability payment is currently due, thus constituting a dispute within the purview of Section 1399 that must be arbitrated.[3]

Caesars, however, argues that this dispute need not be arbitrated because there simply is no dispute. Def. Reply at 9-10. Caesars contends that the Standstill Agreement makes clear that no payment is currently due. The Agreement states:

> The date for the remittance of the first installment payment, if any, which the NRF contends is due on March 15, 2015, pursuant to 29 U.S.C. § 1399(c)(2) and the Assessment Letter . . . is extended to thirty (30)

---

[3] While Plaintiffs include a heading that "the Court has no jurisdiction to determine whether the first installment payment is currently due," Pl. Opp. at 7, the Court construes Plaintiffs' opposition papers to be arguing that the Court lacks jurisdiction only over Caesars' defense because it must be arbitrated. By this lawsuit, Plaintiffs are presumably seeking to have Caesars make installment payments pending the outcome of the resolution of this dispute in arbitration and contending that the Court has jurisdiction to do so under ERISA's "pay now, dispute later" regime. *See Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of California, Inc.*, 522 U.S. 192, 197 (1997) ("Even if the employer challenges the trustees' withdrawal liability determination, however, it still must pay according to the trustees' schedule in the interim under the statute's 'pay now, dispute later' collection procedure.") (quoting *Robbins v. Pepsi-Cola Metropolitan Bottling Co.*, 800 F.2d 641, 642 (7th Cir. 1986)).

> calendar days after the date on which the Bankruptcy Court enters an order or orders (i) denying the 362 Motion, (ii) denying the 105 Motion and (iii) denying the New Motion, or otherwise denying the relief requested pursuant to such motions . . . unless the obligations to make Installment Payments . . . are stayed, voided or expunged by a court of competent jurisdiction."

Standstill Agreement at ¶ 3(a). According to Caesars, the Bankruptcy Court's ruling on these motions is necessary to trigger its first payment, which has yet to occur.

Plaintiffs make three points in support of their argument that the payment is due despite the Standstill Agreement. Pl. Opp. at 10-13. First, the Court must accept the Complaint's allegations as true at the motion to dismiss stage, and the Complaint alleges that the payment was due March 15, 2015. Second, the Court can take judicial notice of the Standstill Agreement only to establish its existence, but not for the truth of a proposition it sets forth (*i.e.*, the delay of the first installment payment). Third, the Standstill Agreement serves a separate purpose in the bankruptcy proceeding and was meant only to delay the payment in that context, but not otherwise. Plaintiffs contend that the Standstill Agreement underscores this point when it carves out its application to the three cases currently pending before this Court. Standstill Agreement at ¶ 4(h).

Whether any of these arguments have merit or not, what is clear to the Court is that a dispute does exist here. Plaintiffs claim that Caesars was obliged to make its first installment payment in the amount of $5,981,493.64 on March 15. According to Plaintiffs, payment is still due despite the Standstill Agreement because its carve-out language makes the Standstill Agreement inapplicable to this

7

case. *See* Pl. Opp. at 12-13 ("Nothing in this Agreement shall be construed to limit the rights of the Parties in, or the powers of the court[] in, the action[] captioned . . . *The National Retirement Fund, et al. v. Caesars Entertainment Corp., et al.*") (quoting Standstill Agreement"). Caesars disagrees and maintains the Standstill Agreement relieves it from making any installment payments until the Bankruptcy Court takes certain actions. *See* Def. Mem. at 1.

ERISA's exhaustion requirement is not a categorical bar to this Court's jurisdiction, but rather a prudential matter within the Court's discretion. *See T.I.M.E.-DC, Inc. v. Mgmt.-Labor Welfare & Pension Funds, of Local 1730 Int'l Longshoremen's Ass'n.*, 756 F.2d 939, 945 (2d Cir. 1985) ("[T]his and other circuits have held that the arbitration provisions . . . do not constitute a bar to federal jurisdiction. Rather, the requirement of exhaustion of administrative remedies in this context is a prudential matter within our discretion."); *Bd. of Trustees of the Local Union 373 United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus. Local 373 Benefit Funds v. T.M Brennan Contractors, Inc.*, No. 12-CV-6433 (NSR), 2015 WL 221062, at *5 (S.D.N.Y. Jan. 14, 2015) ("The arbitration requirement is considered an exhaustion of administrative remedies requirement."); *Bowers v. Andrew Weir Shipping, Ltd.* 810 F. Supp. 522, 529 (S.D.N.Y. 1992) ("The arbitration provision of the MPPAA constitutes an exhaustion of administrative remedies requirement."); *ILGWU Nat. Ret. Fund v. Levy Bros. Frocks, Inc.*, 846 F.2d 879, 886 (2d Cir. 1988) (characterizing requirement as one of exhaustion).

Though a prudential matter, courts have been reluctant to hear disputes that are more properly raised before an arbitrator. To comply with a regime where "arbitration reigns supreme," *United Ass'n of Journeymen*, 2015 WL 221062, at *5 (internal quotation omitted), courts consistently hold that disputes only avoid arbitration if they implicate constitutional questions or matters of statutory interpretation. *See, e.g., NYSA-ILA Pension Trust Fund v. Am. Stevedoring, Inc.*, No. 12-CV-2506 (PAC), 2013 WL 1234957, at *3 (S.D.N.Y. Mar. 26, 2013) ("[J]udicial resolution is warranted where there are constitutional or statutory interpretation issues."); *The Trustees of Amalgamated Ins. Fund v. Steve Petix Clothier, Inc.*, No. 03-CV-4530 (PKC), 2004 WL 67480, at *5 n.5 (S.D.N.Y. Jan. 15, 2004) ("The Second Circuit has held that, in limited circumstances, a matter need not be arbitrated when the only disputes implicate constitutional questions or a matter of statutory interpretation outside the range of issues that Congress directed to arbitration.") (citing *New York State Teamsters Conference Pension & Ret. Fund v. McNicholas Transp. Co.*, 848 F.2d 20, 22 (2d Cir. 1988)).

Here, there are no issues of statutory or constitutional interpretation, but rather contract interpretation. This dispute turns on whether one reads the Standstill Agreement as delaying the first installment payment in all contexts (in both the bankruptcy action and the civil action pending before this Court), or as limited to the bankruptcy proceeding. Courts have routinely determined that issues of contract interpretation are subject to arbitration. *See, e.g., ILGWU*, 846 F.2d at 886 ("Here, issues of fact—such as, what contract obligations did the Corporation

9

agree to and how did the Corporation conduct its affairs with respect to the union and the Fund—and issues of contract interpretation pervade the Corporation's argument."); *cf. T.I.M.E.-DC*, 756 F.2d at 945 ("[T]here are no questions of fact or issues of contract interpretation to resolve. Thus 'an arbitrator skilled in pension and labor matters would have no superior expertise to offer.'") (quoting *I.A.M. Nat. Pension Fund Benefit Plan C v. Stockton TRI Indus.*, 727 F.2d 1204, 1210 (D.C. Cir. 1984)).

Therefore, because this dispute concerns the schedule of withdrawal liability payments, thus falling squarely within 29 U.S.C. § 1399(b)(1), and does not implicate either statutory or constitutional issues, Caesars must challenge Plaintiffs' determination that the first installment payment is currently due through arbitration. Because Caesars has failed to raise this issue in arbitration, it cannot do so for the first time in this litigation. Accordingly, its motion to dismiss should be denied.[4]

## III. CONCLUSION

For the foregoing reasons, I recommend that Caesars' motion to dismiss be denied.

---

[4] The Court notes that in the related case *Caesars Entertainment Corp. v. Pension Plan of the National Retirement Fund & Board of Trustees of the National Retirement Fund*, No. 15-CV-138 (LAK) (JLC), it similarly concludes (in a Report and Recommendation issued on November 17, 2015) that Caesars has failed to exhaust its administrative remedies by not raising the issues in that case through arbitration. Presumably the issues in both cases could be heard in the same arbitration proceeding.

10

## PROCEDURE FOR FILING OBJECTIONS
## TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See* Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Lewis A. Kaplan and the undersigned, United States Courthouse, 500 Pearl Street, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Kaplan.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

Dated: November 17, 2015
New York, New York

JAMES L. COTT
United States Magistrate Judge

11