UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
THE NATIONAL RETIREMENT FUND, et ano., etc.,

                Plaintiffs,

-against-                                                                                        15-cv-2048 (LAK)

CAESARS ENTERTAINMENT CORPORATION, et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        Plaintiffs here move for summary judgment, seeking to collect an outstanding withdrawal liability payment, interest, and liquidated damages that they contend are due and owing in consequence of defendants' expulsion from The National Retirement Fund. Magistrate Judge James L. Cott, in a thorough report and recommendation [DI 54], recommended that the motion be granted. Defendants object and, in a brief reference in their objections, suggest that they are entitled to unspecified discovery before being required to pay. DI 55, at 10.

        This Court has considered defendants' substantive objections *de novo* but agrees entirely with Magistrate Judge Cott. It pauses only to address the fleeting reference to discovery.

        In order properly to seek discovery for the purpose of resisting a motion for summary judgment, the non-moving party is obliged to comply with 56(d) (formerly Rule 56(f)), which provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
>   (1)    defer considering the motion or deny it;
>
>   (2)    allow time to obtain affidavits or declarations or to take discovery; or
>
>   (3)    issue any other appropriate order.

2

Hence, as the Second Circuit often has written:[1] 152048-1.wpd

> a party resisting summary judgment on the ground that it needs discovery in order to defeat the motion must submit an affidavit showing " '(1) what facts are sought [to resist the motion] and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts.'" [citations omitted] Indeed, the failure to file such an affidavit is fatal to a claim such as plaintiff makes here even if the party resisting the motion for summary judgment alluded to a claimed need for discovery in a memorandum of law.

In this case, defendants submitted no Rule 56(d) affidavit before Magistrate Judge Cott. They merely asserted in their memorandum that plaintiffs' argument that the amounts paid were not post-termination contributions raised a genuine issue of material fact and contended, very much *en passant,* that "[t]his issue – depending upon the Plaintiffs' reply – *may well require discovery."* DI 11-12 (emphasis added). They certainly did not particularize what facts were sought, how they were to be obtained, how that were expected to create a genuine issue of material fact – which they asserted existed independent of any discovery, what effort they had made to obtain that information, and why they were unsuccessful in obtaining it.

This Court would see no sufficient reason even to entertain the discovery argument now made here in the most tentative and unspecific way in view of defendants' failure properly to preserve the issue before the magistrate judge. And even if it were to do so, it would reject that contention for precisely the reasons articulated in the preceding paragraphs.

In sum, defendants' objections all are overruled. The Court adopts Magistrate Judge Cott's report and recommendation. Plaintiffs' motion for summary judgment [DI 41] is granted in all respects. The Clerk shall enter judgment accordingly.

SO ORDERED.

Dated: November 7, 2016

/s/ Lewis A. Kaplan
Lewis A. Kaplan
United States District Judge

---

[1] *Gurary v. Winehouse,* 190 F.3d 37, 43-44 (2d Cir. 1999). *Accord, e.g., ICBC (London) PLC v. Blacksands Pacific Group, Inc.,* __ Fed. App'x. __, 2016 WL 5386293 (2d Cir. Sept. 26, 2016).